*YOCUM* vs. *BULLIT* & *AL.*

Property fraudently sold by the defendant, cannot be sold under an execution against him, 'till the sale be set aside. Such a sale cannot be set aside, in a suit to which the vendee is not a party.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. This is an action against a sheriff and the plaintiff on a fi. fa., on which the present plaintiff complains that several slaves of his were illegally seized to satisfy a judgment against a third party, and prays that he may be quieted in his title and possession, that all future proceedings in the case may be enjoined, and past ones annulled and avoided; and that he may recover damages.

Bullit, the sheriff, pleaded he levied the execution, as sheriff, according to the directions of the other defendant, the plaintiff therein.

Ball pleaded the general issue, that the slaves seized were the property of the defendant in the execution, and the conveyance to the present plaintiff, is fraudulent and void; that it is a donation, and is void for want of acceptance; that it was not recorded in the parish of Natchitoches.

There was a verdict and judgment for the defendants, and plaintiff appealed.

The record shows the slaves were conveyed by the defendant in the fi. fa., by a sale under

private signature recorded in the office of the parish judge of St. Landry, where the sale was made. If the sale was fraudulent, it must be regularly set aside, by a suit instituted for that purpose. It was not less a sale, and binding upon third parties, until declared null in an action which the law gives; *Curia Phil. Revocatoria n.* 2; and the possession of the vendee was a legal one, until avoided in due course of law. *St. Avid & Al.* vs. *Weimprendre's Syndics*, 9 *Martin*, 649.

The same point was determined during the last term in the eastern district, on which we held that a conveyance, alleged to be fraudulent, cannot be tested by the seizure of the property, or estate belonging to the vendor; and an action must be brought to annul the conveyance; *Barbarin* vs. *Saucier*.

The plea of the sheriff cannot avail him. He was authorised to seize the property of the defendant in the execution and became a trespasser by seizing that of a third person. The instructions of the plaintiff aff rd him no protection.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed; and that

the defendant be enjoined from any proceed-ings on the seizure of said slaves; and the case be remanded to assess the plaintiff's damages.

There is a plea in a supplemental petition, in which it is stated, that a sale has taken place on which a twelve months' bond was taken, the cancelling of which is prayed. This, we think, cannot be done. We do not see that the plain-tiff has any interest in requiring it. It could not be ordered without setting the sale aside, which cannot be done in a suit to which the vendee is not a party.

It is further ordered that the defendants pay costs in this court.

*Rost*, for the plaintiff, *Morris & Thomas* for the defendants.